UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:06-CV-73-R

VERNON DALE MITCHELL, et. al.,
PLAINTIFFS

&

ANTHEM HEALTH PLANS OF
KENTUCKY, INC.                                                              INTERVENOR
PLAINTIFF

v.

FLYING J INC.,                                                                  DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the Court on the Defendant, Flying J. Inc.'s ("Flying J") Motion for Summary Judgment (Docket #14).  The Plaintiffs, Vernon Dale Mitchell ("Mitchell") and Janet Kay Mitchell, have responded (Docket #17), and the Defendant has replied to that response (Docket #18).  In addition, the Plaintiffs have filed a sur-reply to the Defendant's reply (Docket #24).  This matter is now ripe for adjudication.  For the following reasons, the Defendant's Motion for Summary Judgment (Docket #14) is **DENIED**.

**BACKGROUND**

This case arises from a "slip and fall" incident that took place on the premises of the Defendant on Tuesday evening, May 24, 2005, at around 7:00pm CST.  Mitchell, a truck driver, along with his friend, David Witherspoon ("Witherspoon"), stopped at the "Flying J Travel Center" in Oak Grove, Kentucky, while in route to Alabama.  Inside the store, Mitchell used the restroom before going to the fountain drink section to get a cup of ice.  After retrieving the cup of ice, Mitchell walked towards the back of the store.  Witherspoon was standing, adjacent to the

coolers containing soft drinks. Mitchell walked down a merchandise aisle towards the back of the store, and upon rounding the corner to his right, he slipped and fell on the floor just right of the intersection of another aisle.

The area of the store where Mitchell fell had just been mopped by store employee Marvin Sellers ("Sellers") right before the accident took place. Sellers stated he placed a three (3) foot high yellow caution cone in the general area of where he had just mopped, which indicated in writing that the floor was wet, stating "Slippery When Wet." Sellers stated that he had just cleaned up what appeared to be some spilled coffee in that general area right before the accident. Including the one (1) identified cone, as many as five (5) and as few as two (2) cones were set up around the store. Mitchell claims he did not see the yellow cone in that general area, as well as the mop, until he was falling. The Defendant has provided photographs from a store surveillance camera. The pictures show Sellers at the end of an aisle mopping, with a single cone in front of him. The pictures also show Mitchell turning right at the intersection of the aisle, and that he appeared to slip after he turned right.

Mitchell has brought a negligence claim against Flying J, contending that the Defendant was negligent because it created a wet and slippery condition on the floor of its store and it failed to adequately warn of this condition, and that these actions constituted an unreasonable risks of harm to business invitees, such as Mitchell. The Plaintiff's wife has filed a derivative claim against the Defendant for loss of consortium. As a result of the fall, Mitchell claims that he has suffered, and will suffer in the future, physical and mental pain. Thus far, Mitchell has incurred $10,379.84 in medical costs, and he claims he will incur more in the future due to his slip and fall.

**STANDARD**

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence. To support this position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tomkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v.*

3

*Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

In *Lanier v. Wal-Mart Stores, Inc.*, the Kentucky Supreme Court, in an opinion by Justice Cooper, addressed the burden of proof in "slip and fall" premises liability cases where the foreign substance on the premises was not brought about and/or caused by the proprietor. *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 434 (Ky. 2003). Under *Lanier*, the business invitee has the initial burden of proving that:

> (1) he or she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees.

*Id.* at 435-36. Once the plaintiff/invitee establishes this initial burden, which creates a rebuttable presumption of negligence sufficient to avoid summary judgment, the burden shifts to the defendant/proprietor who must prove, by a greater weight of the evidence, the absence of negligence through the exercise of reasonable care. *Id.* at 435-37. As such, though the plaintiff may meet his/her initial burden, the defendant may still succeed on a motion for summary judgment if the defendant can prove "that it exercised reasonable care in the maintenance of the premises under the circumstances." *Id.* at 435; *see also Booth v. Wal-Mart Stores East L.P.*, 2006 WL 2178178, *2 (W.D.KY. July 28, 2006).

In amending the burden, Justice Cooper reasoned that:

> [t]his middle ground preserves our adherence to the rule that a business is not an insurer of its patrons' safety and is not strictly liable for injuries suffered by a customer on its premises...[t]hus, we decline to abrogate the requirement of "negligence on the part of the business itself," but instead impose a rebuttable

> presumption that shifts the burden of proving the absence of negligence, i.e., the exercise of reasonable care, to the party who invited the injured customer to its business premises. Our holding does not make the operator of a self-service grocery store an insurer against all accidents on the premises. The proprietor is guilty of negligence only if he fails to use reasonable care under the circumstances to discover the foreseeable dangerous condition and to correct it or to warn customers of its existence. We believe, however, that it is unrealistic to require the victim of a fall resulting from a dangerous condition in a self-service grocery store to present evidence of the absence of reasonable care by the storekeeper. The steps the storekeeper took to discover the condition and to correct or warn of it are peculiarly within his own knowledge.

*Id.* at 436-37.

Here, Flying J contends that it discharged its duty to warn of the "wet spot" because the Defendant claims it properly warned customers of the existence of the alleged hazard, and therefore, it used reasonable care under the circumstances. In addition, the Defendant also asserts that the "wet spot" was an open and obvious condition, and therefore, Flying J owed the Plaintiffs no duty. In its response, the Plaintiffs argue that: there are genuine issues of material fact as to the number of caution cones and where exactly the cone near the "wet spot" was placed; the Plaintiffs have provided the necessary proof under the *Lanier* standard to avoid summary judgment; Flying J did not discharge its duty to warn; and that the wet floor was not an open and obvious condition. The Court shall first address whether the Defendant exercised reasonable care under the circumstances. Then, the Court shall address whether the "wet spot" was an open and obvious condition. The Court shall address each issue separately.

### 1. Absence of Negligence through the Exercise of Reasonable Care under the Circumstances

In its motion for summary judgment, Flying J argues that even if the Plaintiffs can meet their initial burden to establish a rebuttable presumption of negligence, the Defendant discharged

its duty to warn because it discovered the dangerous condition, was attempting to correct it, and it had warned customers of its existence. In response, the Plaintiffs argue that because the Defendant yielded the rebuttable presumption argument, the Defendant is not entitled to summary judgment. The Plaintiffs also assert that there are material factual issues as to the number of cones set up in the store and where exactly the cone near the area of the "wet spot" was placed.

The Court first notes that the Plaintiffs have misconstrued the holding in *Lanier* in regards to the burden shifting analysis. First, the Defendant yielded the rebuttable presumption of negligence only for purposes of the analysis, not for purposes of a finding of law in this matter. Second, even if the Plaintiffs do meet their burden in establishing a rebuttable presumption of negligence, the Defendant is still afforded the opportunity to prove the absence of negligence on its part. *See Lanier* at 435; *Booth* at *2. While satisfying their initial burden by proving the three elements set out in *Lanier* bars summary judgment at that time, it does not preclude the opportunity of the Defendant to prove the absence of negligence through the exercise of reasonable care at the summary judgment stage. *Id.* As such, the Defendant may address whether it discharged its duty through the exercise of reasonable care under the circumstances, and if it can prove that it did, it is entitled to summary judgment.

The burden of a defendant under *Lanier* once a plaintiff meets his/her initial burden is "to discover the foreseeable dangerous condition and to correct it or to warn customers of its existence." *Lanier* at 437. In *Lanier*, the plaintiff slipped and fell at a Wal-Mart Superstore in Hopkinsville, Kentucky, when she lost her footing on a clear liquid found on the floor, which she did not see before she fell. *Id.* at 433. The circuit court granted Wal-Mart's motion for summary

judgment, and the Kentucky Court of Appeals affirmed that decision. *Id.* at 432. In noting the Wal-Mart is a self-service store and that at the time of injury there were fourteen (14) managers and eighty-four (84) employees on duty, yet none of them discovered the liquid before the injury, the Court reversed the decision of the lower courts, so that the circuit court could apply the new burden shifting standard to the facts of the case. *Id.* at 437.

In *Martin v. Mekanhart Coroporation, d/b/a Frisch's*, the Kentucky Supreme Court, in an opinion by Justice Cooper, examined a slip and fall case in a parking lot of a Frisch's restaurant in Somerset, Kentucky. *Martin v. Mekanhart Coroporation, d/b/a Frisch's*, 113 S.W.3d 95, 96-97 (Ky. 2003). In *Martin*, the plaintiff injured herself in a parking lot, located on the restaurant premises, when she slipped and fell on a oil spot as she cut across a parking space to get to her car. *Id.* at 96. At the time of the injury, Frisch's had not discovered the spot, and it was neither marked by a Frisch's employee nor was a Frisch's employee attempting to clean it up. *Id.* In reversing the lower court decision, the Court applied *Lanier* and determined that a jury could believe "that Mekanhart's employees should have observed and remedied the oil spot before the accident," and therefore, summary judgment was not appropriate. *Id.* at 98.

In the instant matter, unlike *Lanier* and *Martin*, the Defendant discovered the dangerous condition. Here, as demonstrated by the photographs as well as the depositions of the witnesses, Flying J had discovered the substance on the floor. Additionally, Sellers, a Flying J employee, was mopping the general area where Mitchell fell right before the accident, and at least one (1) cone marked an area in front of where Sellers was mopping. However, while the Defendant may have discovered the spill, the Defendant still had a duty to exercise reasonable care to warn Mitchell about the wet area or to correct the hazard in the area in question. *Lanier*, 99 S.W.3d at

437. Under *Lanier*, "[t]he proprietor is guilty of negligence only if he fails to use reasonable care under the circumstances to [1] discover the foreseeable dangerous condition *and [2] to correct it or to warn customers of its existence*." (emphasis added). *Id.*  In *Martin* and *Lanier*, the Court did not have to address the second part of the analysis because the defendants in those matters had failed to discover the wet spots before the accident, and therefore, did not meet the first element of the two (2) part test. *Martin* at 96-97; *Lanier* at 437.  As such, the Court shall address the second part of the *Lanier* analysis at this time.

In reviewing the testimony of Mitchell, as well as the photographs provided by the Defendant, while a yellow cone was set up in the area near where Sellers was mopping, there appears to have been no warning for Mitchell informing him that the general area was wet at the aisle intersection where he slipped and fell.  Mitchell stated that after he made the right turn at the aisle intersection to head towards the back of the store, he slipped and eventually fell after stepping on a wet spot on the floor.  He also stated that he did not see a cone at the aisle intersection where he fell.  The photographs provided by the Defendant appears to place the cone by Sellers away from the general area where Mitchell fell, and more towards the back of the store.  In looking at this evidence, in a light most favorable to the Plaintiffs, factual issues exist as to the adequacy of the warning provided by the Defendant.

In addition, the evidence also suggests that the Defendant had not properly corrected the hazard in the general area in question before Mitchell fell, as he slipped on a wet spot in the area where the spill took place.  Whether or not the Defendant provided an adequate warning to Mitchell under the circumstances and whether the Defendant had properly corrected the spill are issues that go should before a finder of fact.  Accordingly, under the standard set out by the

Kentucky Supreme Court in *Lanier*, the negligence claim shall go forward at this time.[1]

## 2. Open and Obvious Condition

The Defendant contends that it owed no duty to Mitchell in this matter because the condition was "open and obvious" due to the placement of the cone directly in front of Mitchell before he fell.  However, the Defendant has misapplied this argument to this matter, as this defense only applies to hazards caused by the owner, not those caused by a foreign substance. *See Horne v. Precision Cars of Lexington, Inc.*, 170 S.W.3d 364, 368 (Ky. 2005)(An opinion by Justice Cooper, recognizing a concrete barrier installed by the defendant on its car lot as a hazard); *see also Bonn v. Sears, Roebuck & Co.*, 440 S.W.2d 526, 528-29 (Ky. 1969).  Here, the Defendant mischaracterizes hazard, as it was not the yellow cone, but instead it was the liquid on the floor that was the hazard.  Further, the liquid on the floor was not caused and/or knowingly placed there by the Defendant, as was the case in *Bonn* and described in *Horne*. *Bonn* at 328; *Horne* at 368.  Accordingly, the Court finds that this argument does not apply to the instant matter.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss (Docket #14) is **DENIED**. The negligence claim asserted against the Defendant shall go forward at this time.

An appropriate order shall issue.

---

[1] The Court also notes that the Plaintiffs contend that the Court cannot grant summary judgment in this instance because material factual disputes exist as to the number of cones in the store used by the Defendant, as well as the exact location of the cone in the area where Mitchell fell.  While the Defendant asserts that the issue as to the number of cones is not material, the Court cannot make that determination without knowing where exactly the cones were placed and how many cones were set up.  This issue is related to the adequacy of the warning by the Defendant, and shall go before the finder of fact.